UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

CASE NO.:

Gannon Davis,
Dawna Godwin,
and other similarly situated individuals,

    Plaintiffs,

v.

Tropic Water Sports LLC,
Florida Jet Ski Rentals, LLC
a/k/a Wolfeboro Jet Ski Rentals,
and Victor N. Drouin, individually,

    Defendants,
_____/

## COLLECTIVE ACTION COMPLAINT
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiffs Gannon Davis, Dawna Godwin, and other similarly situated individuals, by and through the undersigned counsel, and hereby sue Defendants Tropic Water Sports LLC, Florida Jet Ski Rentals, LLC, a/k/a Wolfeboro Jet Ski Rentals, and Victor N. Drouin, individually and allege:

Jurisdiction Venues and Parties

1. This is an action to recover money damages for unpaid regular and overtime wages under United States laws. Accordingly, this Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiffs Gannon Davis and Dawna Godwin are residents of Monroe County, Florida, within this Honorable Court jurisdiction and are otherwise sui juris Plaintiffs are covered employees for purposes of the Act.

3. Defendants Tropic Water Sports LLC, Florida Jet Ski Rentals, LLC, a/k/a Wolfeboro Jet Ski Rentals, are Florida Limited Liability Companies performing business in Monroe County, Florida.

4. The individual Defendant Victor N. Godwin is the owner/partner/and manager of Defendant Corporations Tropic Water Sports LLC, Florida Jet Ski Rentals, LLC, a/k/a Wolfeboro Jet Ski Rentals. This individual Defendant is the Employer of Plaintiffs and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. Pursuant to 29 U.S.C. § 203 (r)(1) and pursuant to 29 C.F.R. §791.2, Defendants Tropic Water Sports LLC, Florida Jet Ski Rentals, LLC, a/k/a Wolfeboro Jet Ski Rentals, are a joint enterprise, and joint employers of Plaintiff.

6. All the actions raised in this complaint occurred in Monroe County, Florida, within this Court's jurisdiction.

General Allegations

7. This cause of action is brought by Plaintiffs Gannon Davis and Dawna Godwin as a collective action to recover from the Defendants' regular and overtime wages, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after August 2021, (the "material time") without being adequately compensated.

8. Defendant Florida Jet Ski Rentals is a jet ski rental company doing business at 139 Seaside Avenue, Key Largo, Fl 33037, and 2146 Overseas Hwy, Marathon, FL, 33050, where both Plaintiffs worked.

9. Pursuant to 29 U.S.C. § 203 (r)(1), Defendants Tropic Water Sports LLC, Florida Jet Ski Rentals, LLC, a/k/a Wolfeboro Jet Ski Rentals are a joint enterprise because: 1) both companies have the same business activities; 2) both companies shared centralized management, equipment, and supplies; 3) Defendant operated as a single unit for a common business purpose; 4) between Defendants existed unified operation and common control, and they operated as a single unit; 5) Defendants shared a common business purpose, the profitable operation of both businesses; 6) Defendants had an interdependent financial interest; 7) and existed common ownership and management.

10. Pursuant 29 C.F.R. §791.2. Defendants Tropic Water Sports LLC, Florida Jet Ski Rentals, LLC, a/k/a Wolfeboro Jet Ski Rentals were joint employers because: 1) Defendants, through their owner/manager, had equal and absolute control over the Plaintiff and other employees similarly situated; 2) Defendants through their management jointly and equally determined terms and employment conditions of Plaintiffs and other employees similarly situated; 3) Defendants operated the two facilities where Plaintiffs and the other similarly situated employees worked; 4) the work performed by Plaintiff and other similarly situated individuals was an integral part of the business operation of Tropic Water Sports LLC, Florida Jet Ski Rentals, LLC, a/k/a Wolfeboro Jet Ski Rentals; 5) both corporations had the power to hire and to fire employees.

11. Therefore, because the work performed by Plaintiffs and other similarly-situated individuals simultaneously benefited all Defendants and directly or indirectly furthered

their joint interest, Defendants Tropic Water Sports LLC, Florida Jet Ski Rentals, LLC, a/k/a Wolfeboro Jet Ski Rentals are a joint enterprise as defined in 29 U.S.C. § 203 (r)(1), and they are also joint employers as defined in 29 C.F.R. §791.2.

12. Defendants Tropic Water Sports LLC, Florida Jet Ski Rentals, LLC, a/k/a Wolfeboro Jet Ski Rentals, are the joint employers of Plaintiffs and other similarly situated employees under the FLSA's broad definition of "employer" (29 U.S.C. §203 (d)), and they are jointly liable for Plaintiff's damages.

13. Defendants Tropic Water Sports LLC, Florida Jet Ski Rentals, LLC, a/k/a Wolfeboro Jet Ski Rentals, hereinafter will be called Florida Jet Ski Rentals collectively.

14. Defendants Florida Jet Ski Rentals and Victor N. Godwin employed Plaintiffs Gannon Davis and Dawna Godwin as non-exempted, full-time jet ski rental store attendants.

15. Defendants employed Plaintiff Gannon Davis from approximately August 23, 2021, to October 02, 2022, or 58 weeks. Plaintiff had a wage rate of $15.00 an hour. Plaintiff's overtime should be $22.50 an hour. At his hiring, Plaintiff was promised a basic hourly wage of $15.00 an hour plus 20% commissions of sales, but Defendants never fulfilled the agreement.

16. Defendants employed Plaintiff Dawna Godwin from approximately December 07, 2021, to October 02, 2022, or 43 weeks. Plaintiff had a wage rate of $16.00 an hour. Plaintiff's overtime should be $24.00 an hour.

17. During their employment with Defendants, Plaintiffs Gannon Davis and Dawna Godwin had a regular schedule. Plaintiffs worked seven days per week, from Monday to Sunday, from 9:00 AM to 7:00 PM (10 hours daily), or a total of 70 hours weekly. Plaintiffs did not take bonafide lunchtime.

18. While employed by Defendants, Plaintiffs were paid in a very irregular way. Plaintiffs always worked a minimum of 70 hours weekly, but they were paid 60 hours or less per week. Hours over 40 were paid at their regular rate. The remaining hours were not paid at any rate, not even at the minimum wage rate.

19. Furthermore, there were many weeks in which Plaintiffs' wages divided by the number of hours worked resulted in a wage rate lower than the minimum wage rate required by law.

20. Plaintiffs were paid a different amount every week at the convenience of the Employer. Plaintiffs complained to the owner of the business Victor N. Drouin many times, but the problem was never solved.

21. Plaintiffs did not clock in and out, but Defendants were in complete control of Plaintiffs' activities, and they knew about the number of hours that Plaintiffs were working.

22. Therefore, Defendants willfully failed to pay Plaintiffs regular hours and overtime hours at the rate of time and one-half their regular rate for every hour they worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

23. Plaintiffs were paid weekly with checks without paystubs providing basic information about the number of days and hours worked, wage rate paid, employee taxes deducted, etc.

24. On or about October 02, 2022, the Plaintiffs left their employment because, at that time, Defendants did not pay them wages for four consecutive weeks.

25. The plaintiffs are not in possession of time and payment records, but they will provide a preliminary estimate of their unpaid working hours. The Plaintiffs' calculations will be based on an average of 60 hours paid weekly.

26. Plaintiffs Gannon Davis and Dawna Godwin seek to recover regular wages, overtime wages, liquidated damages, and any other relief as allowable by law.

Collective Action Allegations

27. Plaintiffs bring this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

28. Plaintiffs contend that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiffs and other similarly situated individuals the proper compensation for every regular and overtime hour as required by the FLSA.

29. This action is intended to include every Jet-Ski rental store attendant and any similarly situated individuals who worked for Defendants at any time during the past three (3) years.

<b><u>COUNT I:<br>WAGE AND HOUR FEDERAL STATUTORY VIOLATION;<br>FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS</u></b>

30. Plaintiffs Gannon Davis and Dawna Godwin re-adopt every factual allegation as stated in paragraphs 1-29 above as if set out in full herein.

31. This action is brought by Plaintiffs Gannon Davis and Dawna Godwin and those similarly situated to recover from the Employers unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

32. Defendants Florida Jet Ski Rentals and Victor N. Godwin employed Plaintiffs Gannon Davis and Dawna Godwin as non-exempted, full-time jet ski rental store attendants.

33. Defendants employed Plaintiff Gannon Davis from approximately August 23, 2021, to October 02, 2022, or 58 weeks. Plaintiff had a wage rate of $15.00 an hour. Plaintiff's overtime should be $22.50 an hour.

34. Defendants employed Plaintiff Dawna Godwin from approximately December 07, 2021, to October 02, 2022, or 43 weeks. Plaintiff had a wage rate of $16.00 an hour. Plaintiff's overtime should be $24.00 an hour.

35. During their employment with Defendants, Plaintiffs Gannon Davis and Dawna Godwin had a regular schedule. Plaintiffs worked seven days per week, from Monday to Sunday, a total of 70 hours weekly. The Plaintiffs did not take bonafide lunchtime.

36. While employed by Defendants, Plaintiffs always worked a minimum of 70 hours weekly, but they were paid for 60 hours per week or less at their regular rate. The remaining hours were not paid to Plaintiffs at any rate, not even at the minimum wage rate.

37. Plaintiffs were paid a different amount every week at the convenience of the Employer.

38. Plaintiffs worked more than 40 hours weekly, but they were not paid for overtime hours as required by law.

39. Plaintiffs did not clock in and out, but Defendants were in complete control of Plaintiffs' activities, and they knew about the number of hours that Plaintiffs were working.

40. Therefore, Defendants willfully failed to pay Plaintiffs overtime hours at the rate of time and one-half their regular rate for every hour they worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

41. Plaintiffs were paid weekly with checks without paystubs providing basic information about the number of days and hours worked, wage rate paid, employee taxes deducted, etc.

42. On or about October 02, 2022, the Plaintiffs were forced to resign from their employment because Defendants did not pay them for four consecutive weeks.

43. The records, if any, concerning the number of hours worked by Plaintiffs and all other employees and the compensation paid to such employees should be in the possession and custody of Defendants. However, Defendants did not maintain accurate and complete time records of hours worked by Plaintiffs and other employees in the asserted class, upon information and belief. Accordingly, Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

44. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

45. Plaintiffs are not in possession of time and payment records. Still, before the completion of Discovery, they will provide a good faith estimate of unpaid overtime wages based on their best knowledge. Plaintiffs will adjust their statement of claim according to Discovery.

46. **A.- Overtime Claim of Plaintiff Gannon Davis**

    a. <u>Total amount of alleged unpaid O/T wages</u>:

       Twenty-One Thousand Seven Hundred Fifty Dollars and 00/100 ($21,750.00)

    b. <u>Calculation of such wages</u>:

       Total weeks of employment: 58 weeks  
       Total relevant number of weeks: 58 weeks  
       Total number of hours worked: 70 hours  
       Total number of unpaid O/T hours: 30 O/T hours  
       Total number of O/T hours paid at regular rate: 20 O/T hours  
       Total number of O/T hours paid at $0.00: 10 O/T hours

       Rate Paid: $15.00 x 1.5= $22.50=O/T rate
       O/T rate: $22.50 - $15.00 paid=$7.50
       Half-Time O/T: $7.50

    i.    Half-time Overtime for 20 hours paid at regular rate, $15.00

        $7.50 x 20 O/T hours=$150.00 weekly x 58 weeks=$8,700.00

    ii.    Overtime for 10 hours paid at $0.00

        $22.50 x 10 O/T hours= $225.00 weekly x 58 weeks= $13,050.00

Total # i and # ii: $21,750.00

47.    **B.- Overtime claim of Plaintiff Dawna Godwin**

    a.   Total amount of alleged unpaid O/T wages:

       Seventy Thousand Two Hundred Dollars and 00/100 ($17,200.00)

    b.   Calculation of such wages:

       Total weeks of employment:  43 weeks
       Total relevant number of weeks: 43 weeks
       Total number of hours worked: 70 hours
       Total number of unpaid O/T hours: 30 O/T hours
       Total number of O/T hours paid at regular rate: 20 O/T hours
       Total number of O/T hours paid at $0.00: 10 O/T hours
       Rate Paid: $16.00 x 1.5= $24.00=O/T rate
       O/T rate: $24.00 - $16.00 paid=$8.00
       Half-Time O/T: $8.00

    i.    Half-time Overtime for 20 hours paid at regular rate, $16.00

        $8.00 x 20 O/T hours=$160.00 weekly x 43 weeks=$6,880.00

    ii.    Overtime for 10 hours paid at $0.00

        $24.00 x 10 O/T hours= $240.00 weekly x 43 weeks= $10,320.00

Total # i and # ii: $17,200.00

    c.   Nature of wages (e.g., overtime or straight time)

This amount represents unpaid overtime wages.[1]

48. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiffs and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, the Defendants made no provisions to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

49. Defendants Florida Jet Ski Rentals and Victor N. Godwin knew and showed a reckless disregard for the Act's provisions concerning the payment of overtime wages as required by the Fair Labor Standards Act, and Plaintiffs and those similarly situated are entitled to recover double damages.

50. At times mentioned, individual Defendant Victor N. Drouinwas, and is now, the owner/director and manager of Defendant Corporation Florida Jet Ski Rentals. Individual Defendant Victor N. Drouin had absolute operational control of Florida Jet Ski Rentals. Individual Defendant Victor N. Drouin was the Employer of Plaintiffs and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interest of Florida Jet Ski Rentals concerning its employees, including Plaintiffs and others similarly situated, and he is jointly and severally liable for Plaintiffs' damages.

51. Defendants Florida Jet Ski Rentals and Victor N. Godwin willfully and intentionally refused to pay Plaintiffs Gannon Davis and Dawna Godwin overtime wages as required by

---

[1] At this time, Plaintiffs have limited time and payment records. Accordingly, Plaintiffs estimate their damages and reserve the right to amend the calculations.

the law of the United States and remain owing Plaintiffs these overtime wages since the commencement of Plaintiffs' employment with Defendants as set forth above.

52. Plaintiffs seek to recover unpaid overtime wages accumulated from their date of hiring to their last day of employment.

53. Plaintiffs have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay reasonable attorneys' fees.

## Prayer For Relief

Wherefore, Plaintiffs Gannon Davis, Dawna Godwin, and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiffs Gannon Davis and Dawna Godwin, and other similarly situated and against the Defendants Florida Jet Ski Rentals and Victor N. Godwin, based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiffs' actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiffs an equal amount in double damages/liquidated damages; and

D. Award Plaintiffs reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## Jury Demand

Plaintiffs Gannon Davis, Dawna Godwin, and those similarly situated demand trial by a jury of all issues triable as a right by jury.

## **COUNT II:**

## FLSA WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS

54. Plaintiffs Gannon Davis and Dawna Godwin re-adopt every factual allegation stated in paragraphs 1-29 of this complaint as if set out in full herein.

55. Plaintiffs bring this action to recover from the Employer Florida Jet Ski Rentals unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 USC § 201 et seq., and specifically under the provisions of 29 USC §206.

56. Defendant Florida Jet Ski Rentals was and is subjected to the minimum wage provisions of the Fair Labor Standards Act (FLSA).

57. USC §206 states, "Every Employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce or is employed in an enterprise engaged in commerce or

58. the production of goods for commerce, wages at the following rates:

   (1) except as otherwise provided in this section, not less than—

      (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

      (B) $6.55 an hour, beginning 12 months after that 60th day; and

      (C) $7.25 an hour, beginning 24 months after that 60th day

59. Defendants Florida Jet Ski Rentals and Victor N. Godwin employed Plaintiffs Gannon Davis and Dawna Godwin as non-exempted, full-time jet ski rental store attendants.

60. Defendants employed Plaintiff Gannon Davis from approximately August 23, 2021, to October 02, 2022, or 58 weeks. Plaintiff had a wage rate of $15.00 an hour.

61. Defendants employed Plaintiff Dawna Godwin from approximately December 07, 2021, to October 02, 2022, or 43 weeks. Plaintiff had a wage rate of $16.00 an hour.

62. During their employment with Defendants, Plaintiffs Gannon Davis and Dawna Godwin had a regular schedule. Plaintiffs worked seven days per week, from Monday to Sunday, a total of 70 hours weekly. The Plaintiffs did not take bonafide lunchtime.

63. While employed by Defendants, Plaintiffs always worked a minimum of 70 hours weekly, but they were paid for 60 hours per week or less at their regular rate. The remaining hours were not paid at any rate, not even at the minimum wage rate.

64. Plaintiffs were paid a different amount every week at the convenience of the Employer.

65. Furthermore, there were many weeks in which Plaintiffs' wages divided by the number of hours worked resulted in a wage rate lower than the minimum wage rate required by law.

66. On or about October 02, 2022, Plaintiffs Gannon Davis and Dawna Godwin were forced to resign from their position because Defendants did not pay them wages for four consecutive weeks.

67. There is a substantial number of hours that were not paid to Plaintiffs at any rate, not even at the minimum wage rate, as required by the FLSA.

68. Plaintiffs did not clock in and out, but Defendants were in complete control of Plaintiffs' activities, and they knew about the number of hours that Plaintiffs were working.

69. Therefore, Defendant willfully failed to pay Plaintiff regular hours in violation of Section 206 (a) of the Fair Labor Standards Act of 1938 (29 USC 206(a)(1).

70. Plaintiffs were paid weekly with checks without paystubs providing basic information about the number of days and hours worked, wage rate paid, employee taxes deducted, etc.

71. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants

did not maintain accurate time records of hours worked by Plaintiff and other employees. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

72. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendants violated the Posting requirements of 29 USC § 516.4.

73. Before the completion of Discovery, and to the best of the Plaintiffs' knowledge, at the time of the filing of this complaint, Plaintiff's reasonable good faith estimate of unpaid wages is as follows:

\* Florida's minimum wage for 2022 is $10.00, which is higher than the Federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

### A.- Minimum Wages Claim of Plaintiff Gannon Davis

a. <u>Total amount of alleged unpaid wages</u>:

   One Thousand Six Hundred and 00/100 ($1,600.00)

b. <u>Calculation of such wages</u>:
   Total weeks of employment: 58 weeks
   Total relevant week:  4 weeks
   Total hours worked:  40 hours weekly
   Total number of unpaid hours: 40 hours weekly
   Regular rate:  $15.00
   FL Minimum wage rate 2022: $10.00

   FL min. wage $10.00 x 40 unpaid regular hours=$400.00  weekly
   $400.00 weekly x 4 weeks=$1,600.00

c. <u>Nature of wages</u>:

   This amount represents unpaid min. Wages at Florida minimum wage rate.

### B.- Minimum Wages Claim of Plaintiff Dawna Godwin

    a. <u>Total amount of alleged unpaid wages</u>:

       One Thousand Six Hundred Dollars and 00/100 ($1,600.00)

    b. <u>Calculation of such wages</u>:

       Total weeks of employment: 43 weeks
       Total relevant week:  4 weeks
       Total hours worked:  40 hours weekly
       Total number of unpaid hours: 40 hours weekly
       Regular rate:  $16.00
       FL Minimum wage rate 2022: $10.00

       FL min. wage $10.00 x 40 unpaid regular hours=$400.00  weekly
       $400.00 weekly x 4 weeks=$1,600.00

    c. <u>Nature of wages</u>:

       This amount represents the unpaid min. Wages at the Florida minimum wage rate.[2]

74. Defendants Florida Jet Ski Rentals and Victor N. Godwin unlawfully failed to pay Plaintiffs Gannon Davis and Dawna Godwin minimum wages.

75. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiffs and those similarly situated these minimum wages since the commencement of Plaintiffs and those similarly situated employee's employment with Defendants as set forth above. Plaintiffs and those similarly situated are entitled to recover double damages.

76. At times mentioned, individual Defendant Victor N. Drouinwas, and is now, the owner/director and manager of Defendant Corporation Florida Jet Ski Rentals. Individual Defendant Victor N. Drouin had absolute operational control of Florida Jet Ski Rentals.

---

[2] At this time, Plaintiffs have limited time and payment records. Accordingly, Plaintiffs estimate their damages and reserve the right to amend the calculations. In this Statement of Claim are not included minimum wages for weeks in which Plaintiffs were paid at rates below the min. wage required by law.

Individual Defendant Victor N. Drouin was the Employer of Plaintiffs and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interest of Florida Jet Ski Rentals concerning its employees, including Plaintiffs and others similarly situated, and he is jointly and severally liable for Plaintiffs' damages.

77. Defendants Florida Jet Ski Rentals and Victor N. Godwin willfully and intentionally refused to pay Plaintiffs minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff these minimum wages.

78. The Plaintiffs have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay reasonable attorney's fees.

<u>Prayer for Relief</u>

Wherefore, Plaintiffs Gannon Davis and Dawna Godwin and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiffs Gannon Davis and Dawna Godwin and against the Defendants Florida Jet Ski Rentals and Victor N. Godwin based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq. and other Federal Regulations; and

B. Award Plaintiffs Gannon Davis and Dawna Godwin actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiffs Gannon Davis and Dawna Godwin an equal amount in double damages/liquidated damages; and

D. Award Plaintiffs Gannon Davis and Dawna Godwin reasonable attorney's fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

Demand for a Jury Trial

Plaintiffs Gannon Davis, Dawna Godwin, and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

Dated:  November 15, 2022

                          Respectfully submitted,

                          By:  **/s/ Zandro E. Palma**
                          ZANDRO E. PALMA, P.A.
                          Florida Bar No.: 0024031
                          9100 S. Dadeland Blvd.
                          Suite 1500
                          Miami, FL 33156
                          Telephone: (305) 446-1500
                          Facsimile:  (305) 446-1502
                          zep@thepalmalawgroup.com
                          *Attorney for Plaintiffs*